IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 01-CR-003-TCK |
| | ) | (05-CV-020-TCK-FHM) |
| ANDRE CURTIS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 161) filed by Defendant Andre Curtis, a federal inmate appearing *pro se*. On April 18, 2005, Defendant filed an amended § 2255 motion (Dkt. # 168). The Government filed a response (Dkt. # 173), addressing the claims raised in both the § 2255 motion and the amended § 2255 motion. Defendant filed a reply (Dkt. # 177). For the reasons discussed below, the Court finds Defendant's § 2255 motion and amended § 2255 motion shall be denied.

*BACKGROUND*

On December 21, 2001, Defendant Andre Curtis was convicted by a jury of eight (8) counts of robbery under the Hobbs Act, 18 U.S.C. § 1951, and eight (8) counts of using a gun during a crime of violence, in violation of 18 U.S.C. § 924(c). The robberies occurred in Tulsa, Oklahoma, over a ten (10) day time period from December 12-21, 2000. On April 4, 2002, Defendant was sentenced to a total of 2,271 months imprisonment, a fine of $12,500, and restitution in the amount of $3,224. Attorney Michael McGuire represented Defendant throughout trial proceedings.

Defendant appealed to the Tenth Circuit Court of Appeals. Continuing to be represented by Mr. McGuire, he raised six (6) claims: (1) the court used improperly suggestive and unreliable in-court identification procedures; (2) his prosecution by the federal government violated his Fifth

Amendment due process rights and the separation of powers; (3) the district court improperly denied his motion to suppress the confession that he gave to police shortly after his arrest; (4) the district court wrongly refused to suppress security-camera videotapes of four of the robberies; (5) the district court improperly instructed the jury with respect to the effect that robberies must have on interstate commerce to constitute a violation of the Hobbs Act; and (6) the Government failed to prove that the robberies sufficiently affected commerce to constitute violations of the Hobbs Act. On September 17, 2003, the appellate court rejected Defendant's claims and affirmed this Court's judgment. See Dkt. # 149.

On December 12, 2003, Defendant filed a petition for writ of *certiorari* at the United States Supreme Court. That request was denied on January 20, 2004. See Dkt. # 151.

On January 12, 2005, Defendant filed the instant § 2255 motion (Dkt. # 161). Defendant states his five (5) grounds for relief as follows:

Ground 1:   Counsel for the movant provided ineffective assistance and violated the movant's constitutional rights.
(a)   counsel failed to file a motion to suppress identification,
(b)   counsel failed to thoroughly investigate the offense(s),
(c)   counsel failed to adequately represent the defendant during pre-trial,
(d)   counsel failed to adequately represent the defendant on appeal.

Ground 2:   The 924(c) statute is ambiguous as to the unit of prosecution, and the Rule of Lenity should be applied.

Ground 3:   The evidence in this case is insufficient to allow the conviction of the defendant-movant to stand.

Ground 4:   The trial judge in his instructions to the jury denied and deprived the movant of a fair trial and denied and deprived the movant of due process of law.

Ground 5:   The gun enhancements are in violation with Apprendi v. New Jersey, and Blakely v. Washington, because the jury did not find guilty to run consecutive each individual gun offense.

(Dkt. # 161). On April 18, 2005, Defendant filed an amended 28 U.S.C. § 2255 motion (Dkt. # 168).

He identifies an additional five (5) issues, as follows:

> Issue 1: Petitioner avers that he was deprived of fundamental fairness where he was denied to testify on his own behalf. Petitioner also avers that his trial counsel and appellate counsel was ineffective for failure to allow him to testify and raise the issue on direct appeal, all in violation of the Fifth and Sixth Amendments.
>
> Issue 2: Petitioner claims that counsel was ineffective for failure to raise on direct appeal the unfairness of the jury selection; counsel was further ineffective for his failure to ask potential jurors regarding the race difference of the Defendant in light of the fact there were no African American jurors. Counsel was also ineffective for failure to request the Court to instruct the jurors to disregard race or personal prejudice. Petitioner raise (sic) these issues separately and cumalatively (sic), all cognizable under 28 U.S.C. § 2255.
>
> Issue 3: Petitioner was deprived of fundamental fairness by counsel's ineffectiveness, singularly and cumalatively (sic).
>
> Issue 4: Petitioner avers that his sentence is unconstitutional due to the ambiguilty (sic) of the statute 18 U.S.C. 924(c) and that the rule of lenity should be applied; more so, attorney was ineffective for failing to raise the issue.
>
> Issue 5: Curtis request to preserve the issue that there was insufficient evidence (diminignus nexus) to sustain a conviction of the Hobbs Act, 18 U.S.C. 1951.

(Dkt. # 168).

## *ANALYSIS*

### A. Evidentiary hearing

The Court finds that an evidentiary hearing is not necessary as the issues can be resolved on the basis of the record. See 28 U.S.C. § 2255 (providing that a movant is entitled to an evidentiary hearing on an issue "[u]nless the motion and the files and records of the case conclusively show that [he] is entitled to no relief"); see also Townsend v. Sain, 372 U.S. 293, 318 (1963), overruled in part by Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992); United States v. Marr, 856 F.2d 1471, 1472 (10th

Cir. 1988). Therefore, no evidentiary hearing will be held.

## B. Defendant's claims of ineffective assistance of counsel lack merit

### 1. *Ineffective assistance of trial counsel*

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. Id. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. Counsel is not constitutionally ineffective for failing to raise issues devoid of merit. United States v. Cook, 45 F.3d 388, 393 (10th Cir.1995).

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

The Court shall address each claim of ineffective assistance of trial counsel as raised in the

4

motion and amended motion.

### a. Failure to file motion to suppress identification

As part of ground one in the original motion, Defendant claims that his attorney provided ineffective assistance in failing to file a motion to suppress identification. See Dkt. # 161 at 5. Defendant fails to provide a statement of facts in support of his claim. To the extent Defendant's claim is based on counsel's failure to file a motion to suppress the in-court identification based on the description offered by two (2) of the witnesses of the gap in Defendant's teeth, the Court finds the claim is without merit because even if counsel had filed a motion to suppress identification, it would have been denied. That conclusion is bolstered by the Tenth Circuit Court of Appeals' rejection of Defendant's claim raised on direct appeal that the identification procedures used at trial were overly suggestive and created a substantial likelihood of misidentification in violation of Defendant's due process rights. See Dkt. # 149. Therefore, Defendant cannot satisfy the prejudice prong of the Strickland standard. See Snow v. Sirmons, 474 F.3d 693, 722 (10th Cir. 2006) (rejecting a claim of ineffective assistance of counsel for failing to file a motion to suppress identifications in the context of a 28 U.S.C. § 2254 habeas corpus proceeding for failure to demonstrate prejudice as required under Strickland); see also Howard v. Bouchard, 405 F.3d 459, 481 (6th Cir.2005) ("[Petitioner] cannot establish prejudice under Strickland, because he cannot show that a motion to exclude [the] identifications would have succeeded."). Because Defendant cannot establish prejudice, he is not entitled to relief.

### b. Failure to investigate and "to adequately represent the Defendant during pre-trial and trial"

As part of ground one in the original § 2255 motion, Defendant also alleges his attorney

provided ineffective assistance by failing "to thoroughly investigate the offense(s)" and "to adequately represent the Defendant during pre-trial and Trial." See Dkt. # 161 at 5. Defendant has failed to provide any evidence or statement of fact in support of these allegations. His claim is unsubstantiated, conclusory, and speculative. For that reason, he is not entitled to relief under § 2255. See Coleman v. Brown, 802 F.2d 1227, 1234 (10th Cir.1986); Lawrence v. Armontrout, 900 F.2d 127, 130 (8th Cir.1990) (stating that when an ineffective assistance claim centers on a failure to investigate and elicit testimony from witnesses, the petitioner must "demonstrate, with some precision, the content of the testimony they would have given at trial." (quotation omitted)). By failing to provide any supporting evidence, Defendant cannot show that there is a reasonable probability that but for counsel's allegedly deficient performance, the result of the trial would have been different. See Strickland, 466 U.S. at 694.

*c. Refusal to allow Defendant to testify*

As issue one in his amended motion (Dkt. # 168), Defendant alleges his attorney provided ineffective assistance by failing to allow Defendant to testify. Defendant claims that "he told his counsel on numerous occasions before that he wanted to tell his story" and that "he wanted to talk to the judge because he intended on telling his side of the story." See Dkt. # 168. Defendant also avers that "he wanted to at least inform the jury of all the events that lead up to and after the video tape [confession] but counsel refused to listen." Id. According to Defendant, "if the jury would have heard the events that lead up to the video tape [confession], that there exist (sic) a reasonable probability that the outcome would have been different." Id. Defendant claims his counsel refused to listen, and that, as a result, counsel was ineffective and he was prejudiced by counsel's performance. Id.

Defendant has provided his own Affidavit (Dkt. # 168, attachment) in support of his claim. In response, the government has provided the Affidavit of Defendant's attorney, Michael McGuire. (Dkt. # 173, attachment).  Mr. McGuire states that before trial, during trial, and even after trial, he personally discussed with Defendant the issue of whether or not he should testify. Id. at ¶ 6. According to Mr. McGuire, and in direct contrast to Defendant's allegations made in the amended § 2255 motion, Defendant agreed that he should not testify. Id. at ¶ 6. Mr. McGuire also summarizes the extensive incriminating evidence presented by the government and notes that Defendant "had previous convictions that would come out if he testified." Id. at ¶ 5.

The Court notes that the record supports the conclusion that Defendant desired to make a "statement" to the jury.  After both parties made their closing arguments, defense counsel made a record to advise the Court that Defendant had expressed a desire "to make some kind of statement." See Tr. Trans. Vol. IV at 458.  Defense counsel stated that he had advised his client that "my advice to him at this time was a statement is not proper at this time and just hold off on doing something like that.  But I don't want Andre to feel neglected or I've abandoned him, either." Id.  The Court then stated, "I certainly agree with your attorney that it was probably in your best interest not to take the witness stand and attempt to make any statement and be subject to cross-examination there. Any other statement that you would make to the jury would not be proper and I would not allow it.  Any statement you wish to make at this time is also probably inappropriate.  If you are acquitted, there will be no reason for you to make any statement at all. If you are convicted, you'll have opportunities during the sentencing process to make statements." Id. at 458-59.

The Tenth Circuit Court of Appeals has summarized the applicable law as follows:

A criminal defendant has a constitutional right to testify in his own behalf at trial. Rock v. Arkansas, 483 U.S. 44, 49-52, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987). The

7

> decision whether to testify lies squarely with the defendant; it is not counsel's decision. Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Defense counsel should inform the defendant that he has the right to testify and that the decision whether to testify belongs solely to him. See Teague, 953 F.2d at 1533-34. Counsel should also discuss with the defendant the strategic implications of choosing whether to testify, and should make a recommendation to the defendant. See id. Yet counsel lacks authority to prevent a defendant from testifying in his own defense, even when doing so is suicidal trial strategy. See United States v. Janoe, 720 F.2d 1156, 1161 & n. 10 (10th Cir.1983).

Cannon v. Mullin, 383 F.3d 1152, 1171 (10th Cir. 2004). Analyzing Defendant's claim as an ineffective assistance of counsel claim, Defendant is required to satisfy the two-pronged Strickland standard discussed above. Even if the Court accepts Defendant's allegations as true, and finds that trial counsel performed deficiently in failing to allow Defendant to testify in his own defense, the Court finds Defendant cannot satisfy the prejudice prong of Strickland. As discussed repeatedly herein, under Strickland, prejudice is established if there is a reasonable probability that defendant's testimony would have raised in a juror's mind a reasonable doubt concerning his guilt. Strickland, 466 U.S. at 694-95. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Defendant indicates he wanted to testify concerning the events leading up to his written and videotaped confessions. Defendant admits he committed the robbery of Mike's Grocery on the day of his arrest. But he wanted to tell the jury that he had engaged in drug use during that day and that, as a result of the drug usage, he confessed to the other seven robberies, crimes he claims he did not commit. See Dkt. # 168. Even if Defendant had testified as indicated in the instant motion, the Court finds Defendant has failed to demonstrate a reasonable probability that the testimony would have raised in a juror's mind a reasonable doubt concerning his guilt of all eight robberies. Other overwhelming evidence of Defendant's guilt as to all of the robberies was before the jury and

included, a positive identification by one of the victims, and surveillance videotapes from at least four (4) of the businesses which were robbed. In his affidavit, defense counsel also indicates that Defendant's co-defendants had both given statements identifying and inculpating Defendant as their associate in the robberies. See Dkt. # 173, attachment at ¶ 5.

In addition, Defendant has failed to convince the Court that he suffered any prejudice as a result of not testifying concerning his drug use on the day of his arrest. A defense witness, James Tinnel, testified that he had smoked crack cocaine and marijuana, and drank whiskey with Defendant from "the afternoon until night" immediately preceding Defendant's arrest. See Dkt. Tr. Trans., Vol. III at 353. Thus, even though Defendant did not testify, he nonetheless presented evidence of his use of drugs to the jury and the issue of the impact of the drugs on Defendant's cognitive ability at the time of the interview with the police detective, see discussion in subsection (d) below, was before the jury. The jury viewed the videotaped confession and could evaluate the extent of Defendant's impairment. In addition, concerning Defendant's post-arrest statement, the jury was instructed that,

> You must decide whether the defendant did in fact make the statement and whether the statement was knowingly and voluntarily made. If you find that the Defendant did make the statement, then you must decide what weight, if any, you feel the statement deserves. In making this decision, you should consider all matters in evidence having to do with the statement, including those concerning the Defendant himself and the circumstances under which the statement was made.
> You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the Defendant, his treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

(Dkt. # 122 at 45-46). In light of the above considerations, the Court finds Defendant has failed to satisfy the prejudice prong of the Strickland standard and he is not entitled to relief on his claim that trial counsel provided ineffective assistance in refusing to allow him to testify.

*d. Issues related to admissibility of the videotaped confession*

As issue III in his amended motion (Dkt. # 168 at 8), Defendant alleges that his attorney provided ineffective assistance in failing to cross-examine properly Detective Bob Little, the detective who obtained Defendant's written and videotaped confessions. He also alleges that his attorney provided ineffective assistance in failing to object to a flaw in the jury instruction regarding the confession and in failing to call an expert witness regarding his drug use on the day of his arrest.

The Court finds Defendant has failed to satisfy the Strickland standard with regard to his attorney's handling of the deposition of Detective Little and the proceedings surrounding the admission of his written and videotaped confessions. During trial, the deposition testimony of Detective Little, taken for the purpose of authenticating the videotaped confession, was read into the record, Tr. Trans. Vol. III at 356-69, because Detective Little was hospitalized at the time of trial. See Mot. Hr'g Trans., dated Dec. 12, 2001, at 8. The record reflects that Defendant's attorney did cross-examine Detective Little during his deposition, see Tr. Trans. Vol. III at 363-67, and asked questions concerning Defendant's drug use on the day of his arrest. In addition, the Tenth Circuit Court of Appeals rejected Defendant's challenge to the Court's denial of his motion to suppress evidence and held that Defendant's confession was knowingly and voluntarily given. See Dkt. # 149 at 15. Furthermore, as discussed above, Defendant presented evidence at trial, in the form of the testimony of James Tinnel, of his drug use on the day of his arrest. See Tr. Trans. Vol. III at 353. Lastly, the Court has reviewed the instruction concerning Defendant's post-arrest statement. Dkt. # 122 at 45. The Court finds the instructions as a whole accurately informed the jury of governing law. United States v. Roberts, 185 F.3d 1125, 1139 (10th Cir. 1999). Therefore, the Court finds Defendant's counsel did not perform deficiently in failing to object to the instruction based on

the failure to include the word "intelligently" along with "knowingly and voluntarily." Upon review of the record in this case, the Court finds Defendant has failed to satisfy either prong of the Strickland standard as to his claims of ineffective assistance of counsel related to the admission of the videotaped confession.

*e. Failure to present defense of drug use*

As part of issue III in the amended motion (Dkt. # 168 at 10), Defendant complains that his attorney provided ineffective assistance in failing to argue that Defendant committed the crimes while under the influence of cocaine. The Court rejects Defendant's argument. As noted by the government in response to the motion, there was no evidence presented at trial that Defendant was under the influence of drugs during the robberies. Second, the defense presented by Defendant's attorney at trial was that Defendant was under the influence of cocaine when he confessed to the crimes but that he did not commit the robberies. See Tr. Trans. Vol. IV at 434-48. Therefore, it would have been inconsistent for defense counsel to present a defense that Defendant committed the robberies while under the influence of cocaine. Counsel did not perform deficiently in failing to defend on the basis of drug use.

*f. Failure to request a change of venue and*
*to submit voir dire questions regarding racial prejudice*

As part of his issue II raised in the amended motion (Dkt. # 168), Defendant alleges that his trial counsel provided ineffective assistance in failing to request a "change of venue since there are no black people eligible in Tulsa, Oklahoma to sit on the jury" and failed to submit *voir dire* questions concerning racial prejudice. The Court finds no basis in law or fact for these allegations. Defendant's allegation concerning the lack of eligible black people in Tulsa County is purely speculative. Furthermore, the record reflects that the Court asked the jury panel during *voir dire*

whether "any of you have any preconceptions about black, African-American defendants charged with offenses in Federal Court?" See Tr. Trans. Vol. I at 48. No one on the panel responded. Therefore, nothing in the record suggests that Defendant's jury harbored any racial prejudice and trial counsel did not perform deficiently in failing to submit either *voir dire* questions or an instruction regarding racial prejudice.

### g. Cumulative error based on claims of ineffective assistance of counsel

Defendant argues throughout his amended motion that he is entitled to relief from his convictions based upon the cumulative impact of multiple deficiencies of counsel during trial. See Dkt. # 168 at 6, 8, 10, 11. However, having found no errors in counsel's performance, a cumulative error analysis is inapplicable in this case. Castro v. Ward, 138 F.3d 810, 832-33 (10th Cir. 1998) ("Cumulative-error analysis applies where there are two or more actual errors. It does not apply, however, to the cumulative effect of non-errors." (quoting Hoxsie v. Kerby, 108 F.3d 1239, 1245 (10th Cir. 1997))).

## 2. Ineffective assistance of appellate counsel

In his amended motion (Dkt. # 168), Defendant also asserts that he was denied effective assistance of appellate counsel when his attorney failed to challenge the jury selection procedures used in this District Court and failed to challenge the constitutionality of 18 U.S.C. § 924(c).

### a. Jury selection procedures

Defendant complains that there were no African-Americans in his jury pool. That fact was noted by defense counsel at the close of *voir dire*. See Tr. Trans. Vol. I at 73-74. Defendant alleges that his appellate attorney provided ineffective assistance in failing to challenge the Court's jury selection procedures. The Court finds Defendant's attorney did not perform deficiently in failing

12

to challenge jury selection procedures on direct appeal. The Jury Selection and Service Act ("JSSA") provides that "all litigants in Federal courts entitled to a trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861.  In addition, the Sixth Amendment requires that petit juries in criminal trials be "drawn from a fair cross section of the community." Taylor v. Louisiana, 419 U.S. 522, 527 (1975). This does not guarantee that a petit jury will be "of any particular composition." Id. at 538. Instead, it requires only that the pools of names "from which [petit] juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof." Id. at 538.

In order to achieve a fair cross-section of the community in the Northern District of Oklahoma, venire persons in this District are chosen randomly from actual voter lists with supplementation from the driver license lists from Tulsa County.  See LCvR 47.1.  In order to show a *prima facie* violation of the fair cross section requirement under the JSSA or Sixth Amendment, a defendant must show (1) that the group alleged to be excluded is a "distinctive" group in the community, (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community, and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process. Duren v. Missouri, 439 U.S. 357, 364 (1979).

In this case, a review of the record demonstrates that Defendant failed to produce any evidence suggesting a *prima facie* violation of his Sixth Amendment rights. Although African-Americans represent a "distinctive" group in the Northern District of Oklahoma, Defendant fails to present evidence to establish the second and third prongs of the prima facie test. In particular,

Defendant established only that there was an underrepresentation of African-Americans in the particular jury pool utilized in his case. The Tenth Circuit and other circuits have repeatedly emphasized that such evidence, i.e., evidence of a discrepancy on a single venire panel, is insufficient to demonstrate systematic exclusion. See, e.g., United States v. DeFries, 129 F.3d 1293, 1301 (D.C. Cir. 1997); Phea v. Benson, 95 F.3d 660, 662 (8th Cir. 1996); United States v. Ruiz-Castro, 92 F.3d 1519, 1527 (10th Cir. 1996), *overruled on other grounds*, United States v. Flowers, 464 F.3d 1127 (10th Cir. 2006); United States v. Edwards, 69 F.3d 419, 437 (10th Cir. 1995). Therefore, the Court finds Defendant has failed to provide evidence demonstrating that his attorney performed deficiently in failing to raise this claim on direct appeal.

### b. *Ambiguity of § 924(c)*

In ground two of his original motion and issue IV of his amended motion, Defendant claims that 18 U.S.C. § 924(c) is ambiguous and that appellate counsel provided ineffective assistance in failing to challenge the constitutionality of the statute on that basis. See Dkt. # 161 at 5; Dkt. # 168 at 11. Defendant argues that "the activity for which he was convicted was one continuous criminal episode" thereby qualifying for only one § 924(c) enhancement.  Defendant also argues that the enhancement provision of § 924(c) can only be considered on the basis of separate and distinct criminal episodes and whether there were separate and distinct episodes is an issue of fact to be resolved by the jury. Defendant's claims are patently without merit. First, Defendant was charged with committing eight (8) robberies over the course of ten (10) days.  A jury found him guilty on all charges.  See United States v. Tisdale, 921 F.2d 1095, 1098-99 (10th Cir. 1990) (finding that three (3) burglaries committed on the same night in a shopping mall were separate offenses, and not a single criminal episode, for enhancement purposes under § 924(e)(1)). In addition, Apprendi is

14

inapplicable since the jury found Defendant guilty of the eight robberies. Furthermore, the decision to run the sentences consecutively is not made by the jury since the statute itself requires the terms of imprisonment to be served consecutively to any other term of imprisonment imposed on the person. 18 U.S.C. § 924(c)(1)(D)(ii). Lastly, the Court rejects Defendant's argument concerning the "second or subsequent" clause of § 924(c). In <u>Deal v. United States</u>, 508 U.S. 129, 132 (1993), the Court held that the term "second or subsequent conviction" included additional convictions arising from the same proceeding. Thus, the statute is not ambiguous and the Court did not err in ordering consecutive sentences for the convictions under § 924(c). As none of Defendant's claims is meritorious, Defendant's attorney did not provide ineffective assistance in failing to challenge the constitutionality of 18 U.S.C. § 924(c) on direct appeal.

Defendant also asserts that the "rule of lenity" should be applied in this case. Under the rule of lenity, a court interprets ambiguous statutes, as well as Sentencing Guidelines, in favor of the defendant and imposes the shorter sentence. <u>See</u> <u>United States v. R.L.C.</u>, 503 U.S. 291, 305-06 (1992); <u>see also</u> <u>Mahn v. Gunter</u>, 978 F.2d 599, 601-02 (10th Cir.1992). However, as discussed above, Defendant's challenges to § 924(c) based on alleged ambiguities in the statute are without merit. Therefore, the rule of lenity is inapplicable in this case.

**C.  Procedural Bar**

In addition to the claims of ineffective assistance of trial and appellate counsel discussed above, Defendant asserts that the Court's instructions deprived him of a fair trial and due process of law, that he was deprived of due process and equal protection because his jury pool contained no African-Americans, and the gun enhancements violated <u>Apprendi</u> and <u>Blakely</u>. The government responds that these claims was not raised by Defendant in his direct appeal and he is procedurally

barred from raising them in this § 2255 action. The Court agrees with the Government.

"Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." United States v. Warner, 23 F.3d 287, 291 (10th.Cir. 1994). Defendant failed to raise the identified claims on direct appeal. As a result, the claims are procedurally barred unless Defendant establishes cause for his default and prejudice resulting therefrom, or can show that a fundamental miscarriage of justice will occur if his claims are not addressed. United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). The procedural default rules developed in the context of habeas corpus cases apply with equal force in § 2255 cases. United States v. Frady, 456 U.S. 152, 166-69 n.15 (1982).

The "cause" standard requires a defendant to show that some objective factor external to the defense impeded his ability to raise an issue on direct appeal. See Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence or a change in the law. Id. Ineffective assistance of counsel is another example of an external factor that may constitute "cause" excusing a procedural default. Cook, 45 F.3d at 392. As for prejudice, a defendant must show "'actual prejudice' resulting from the errors of which he complains." Frady, 456 U.S. at 168. The "fundamental miscarriage of justice" exception requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

Defendant argues that any procedural default of the claims was due to ineffective assistance of counsel. See Dkt. # 177. While a showing of ineffective assistance of counsel may constitute cause for procedural default, a defendant is required to show that his counsel's failure to argue the omitted claims on direct appeal was deficient performance and prejudicial. See Malicoat v. Mullin,

426 F.3d 1241, 1248-49 (10th Cir. 2005), *cert. denied*, --- U.S. ----, 126 S.Ct. 2356, 165 L.Ed.2d 283 (2006). The omission of a meritless issue on appeal will not constitute deficient performance. Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir. 2003).

In the instant case, if Defendant's counsel on direct appeal had asserted the omitted claims, they would have failed. As ground four of the original complaint, Defendant complains that the instruction defining a "crime of violence" resulted in the denial of a fair trial and a denial of due process. See Dkt. # 161 at 6. The Court has reviewed all of the instructions given to Defendant's jury. See Dkt. # 122. The Court finds the instructions as a whole accurately informed the jury of governing law. United States v. Roberts, 185 F.3d 1125, 1139 (10th Cir. 1999). Therefore, the Court finds Defendant's counsel on direct appeal did not perform deficiently in failing to raise any challenge to the instructions on direct appeal.

As ground five of the original motion (Dkt. # 161), Defendant claims that the gun enhancements violated Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004).[1] However, the Court finds that Defendant's sentences were within the lowest applicable statutory range for each offense. See 18 U.S.C. § 1951; 18 U.S.C. § 924(c)(1). As a result, the sentences satisfied the requirements of Apprendi and no issues requiring additional findings by a jury were created by the sentences. In addition, the Court notes that Defendant was sentenced and his convictions and sentences were affirmed on direct appeal before *certiorari* was granted in Blakely on October 20, 2003. Counsel's failure to anticipate future law is not objectively

---

[1]The Court notes that Blakely was decided on June 24, 2004, after Defendant's sentence became final on direct review, and it does not apply retroactively to initial § 2255 motions. See United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005) (holding that Blakely does not apply retroactively to convictions that were already final at the time Blakely issued).

17

unreasonable. Bullock v. Carver, 297 F.3d 1036, 1052 (10th Cir. 2002) (rejecting ineffective assistance claims where a defendant faults his former counsel not for failing to find existing law, but for failing to predict future law). Counsel did not perform deficiently in failing to raise this claim on direct appeal.

As part of issue two in the amended motion (Dkt. # 168), Defendant alleges that "he was denied due process and equal protection under the law when the entire jury poll (sic) excluded African Americans." Defendant claims that his attorney provided ineffective assistance in failing to raise this claim on direct appeal. However, the Court has determined in Part B(2)(a) above that appellate counsel did not provide ineffective assistance in failing to challenge the jury selection procedures used in this District.

Because the omitted claims lack merit, appellate counsel did not provide ineffective assistance and Defendant has failed to demonstrate "cause" to overcome the procedural bar.

The only other avenue by which Defendant can have these claims reviewed is by showing that a "fundamental miscarriage of justice" will result if the procedural bar is invoked. This exception applies "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986); see also Schlup v. Delo, 513 U.S. 298 (1995); Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless

constitutional error . . . ." Schlup, 513 U.S. at 316. Defendant has the burden of persuading the Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. In this case, Defendant concedes that he is guilty of the robbery of Mike's Grocery, but claims that he is actually innocent of the other seven (7) robberies for which he was convicted. However, he presents no new evidence in support of this assertion. As a result, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case. The Court concludes that with the exception of Defendant's claims of ineffective assistance of trial and appellate counsel, as adjudicated in Part B above, Defendant's claims shall be denied as procedurally barred.

**D. Claim raised on direct appeal**

As ground three of his original motion and issue V of the amended motion, Defendant again challenges the sufficiency of the evidence to sustain his convictions under the Hobbs Act. See Dkt. # 161 at 5; Dkt. # 168 at 13. He asserts his appellate attorney provided ineffective assistance in failing to raise this claim on direct appeal. However, appellate counsel did challenge the sufficiency of the evidence supporting the Hobbs Act convictions on direct appeal. See Dkt. # 149. The Tenth Circuit rejected the claim, acknowledging that some of the amounts of money stolen in the robberies were quite small but finding that the evidence was nonetheless sufficient to sustain the convictions. Id. Because the Tenth Circuit has already adjudicated this claim, further consideration of the claim in this § 2255 proceeding is precluded. United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989) (absent intervening change in law of circuit, issues disposed of on direct appeal will not be considered on § 2255 collateral attack).

## *CONCLUSION*

Defendant has failed to demonstrate entitlement to relief on the claims asserted in his original and amended § 2255 motion. Therefore, Defendant's original and amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 161), as amended (Dkt. # 168), is **denied**. A separate Judgment shall be entered as to the § 2255 motion. The Clerk shall send a copy of this Opinion and Order to the Tenth Circuit Court of Appeals as it relates to the petition for writ of mandamus filed by Defendant and assigned Case No. 07-5019.

DATED this 8th day of March, 2007.

*/s/ Terence Kern*

TERENCE KERN
UNITED STATES DISTRICT JUDGE