IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 01-CR-003-TCK |
| ) | |
| ANDRE CURTIS, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is the "motion to modify sentence pursuant to 18 U.S.C. § 3582(c)(2), in accordance with the United States Sentencing Commission's adoption and retroactive application of Amendment 599, Nov. 1, 2000" (Dkt. # 197) filed by Defendant Andre Curtis, a federal inmate appearing *pro se*. For the reasons discussed below, the Court finds Defendant's § 3582(c)(2) motion shall be denied.

### *BACKGROUND*

On December 21, 2001, Defendant was convicted by a jury of eight (8) counts of robbery under the Hobbs Act, 18 U.S.C. § 1951, and eight (8) counts of using a gun during a crime of violence, in violation of 18 U.S.C. § 924(c). The robberies occurred in Tulsa, Oklahoma, over a ten (10) day time period from December 12-21, 2000. On April 4, 2002, the Court overruled Defendant's objections to the Presentence Investigation Report ("PSR") and Defendant was sentenced to a total of 2,271 months imprisonment, a fine of $12,500, and restitution in the amount of $3,224. Attorney Michael McGuire represented Defendant throughout trial proceedings.

Defendant appealed to the Tenth Circuit Court of Appeals. Continuing to be represented by

Mr. McGuire, he raised six (6) claims: (1) the court used improperly suggestive and unreliable in-court identification procedures; (2) his prosecution by the federal government violated his Fifth Amendment due process rights and the separation of powers; (3) the district court improperly denied his motion to suppress the confession that he gave to police shortly after his arrest; (4) the district court wrongly refused to suppress security-camera videotapes of four of the robberies; (5) the district court improperly instructed the jury with respect to the effect that robberies must have on interstate commerce to constitute a violation of the Hobbs Act; and (6) the Government failed to prove that the robberies sufficiently affected commerce to constitute violations of the Hobbs Act. On September 17, 2003, the appellate court rejected Defendant's claims and affirmed this Court's judgment. See Dkt. # 149.

On December 12, 2003, Defendant filed a petition for writ of *certiorari* at the United States Supreme Court. That request was denied on January 20, 2004. See Dkt. # 151.

On January 12, 2005, Defendant filed a 28 U.S.C. § 2255 motion (Dkt. # 161). On April 18, 2005, Defendant filed an amended 28 U.S.C. § 2255 motion (Dkt. # 168). By Order filed March 8, 2007 (Dkt. # 194), the Court denied Defendant's § 2255 motion and amended § 2255 motion.

Defendant filed the instant § 3582(c)(2) motion on March 23, 2007.

## ANALYSIS

In his motion for relief under 18 U.S.C. § 3582(c)(2), Defendant argues that his "cumulative § 924(c)" sentences are forbidden under Amendment 599 to the Sentencing Guidelines. Defendant characterizes his sentence as an "upward departure" and asserts that it exceeded "the maximum of the guideline range calculated for the underlying offense considering the enhancing factors under the U.S.S.G. for possession, use, or discharge of a firearm." See Dkt. # 197 at 15.

2

The Court finds that Defendant is not entitled to sentence reduction under 18 U.S.C. § 3582(c)(2). Under the facts of this case, the viability of Defendant's motion for sentence reduction depends entirely on the applicability of 18 U.S.C. § 3582(c). That section provides that a "court *may not* modify a term of imprisonment once it has been imposed except" in three limited circumstances. 18 U.S.C. § 3582(c) (emphasis added). First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist. 18 U.S.C. § 3582(c)(1)(A)(i), (ii). Second, a court may modify a sentence if such modification is "otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). Finally, a court may modify a sentence if "a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Defendant in this case argues that he is entitled to resentencing under 18 U.S.C. § 3582(c)(2). Defendant's premise is erroneous, however, because as acknowledged by Defendant, see Dkt. # 197 at 2, Amendment 599 had an effective date of November 1, 2000, and was already in effect and applied correctly in the calculation of Defendant's sentence in February and March, 2002. The Court accepted the PSR as its finding of fact at Defendant's sentencing hearing. The Court has reviewed the PSR prepared for Defendant on February 25, 2002, and revised March 27, 2002. The PSR confirms that United States Probation Officer used the 2001 edition of the Guidelines Manual in making the guideline computations. Because Defendant used a firearm in relation to the crimes for which he was convicted, §2K2.4 of the guidelines was considered in calculating Defendant's

sentence.[1] The Historical Note at the end of the Commentary in the 2001 edition of the <u>Guidelines Manual</u> references Amendment 599 and confirms that Amendment 599 was part of §2K2.4 at the time of the guideline computation used in Defendant's sentencing. As a result, Defendant's sentence range has not been lowered based on a subsequent amendment to the Sentencing Guidelines. Therefore, Defendant his not entitled to relief under § 3582(c)(2) and his request for sentence modification based on Amendment 599 shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion to modify sentence pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. # 197) is **denied**.

DATED THIS 9 day of July, 2007.

TERENCE KERN
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Defendant's lengthy sentence did not result from impermissible "double counting." Pursuant to Application Note 2 of USSG § 2K2.4, Defendant's sentences on Counts 1, 3, 5, 7, 9, 11, 13, and 15 were not enhanced for his use of firearms during the robberies. However, he was sentenced to mandatory consecutive sentences as the result of his separate convictions under 18 U.S.C. § 924(c) on Counts 2, 4, 6, 8, 10, 12, 14, and 16.