**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 01-CR-003-TCK |
| ) | (12-CV-476-TCK) |
| ANDRE CURTIS, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

On August 23, 2012, Defendant Andre Curtis, a federal inmate appearing *pro se*, filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence (Dkt. # 231). He also filed an Affidavit (Dkt. # 233) in support of his § 2255 motion and a motion to proceed *in forma pauperis* (Dkt. # 232). In his § 2255 motion, Defendant seeks collateral relief from his convictions and sentences entered April 4, 2002, or more than ten (10) years ago. For the reasons discussed below, the Court finds Defendant's motion shall be transferred to the Tenth Circuit Court of Appeals as a successive § 2255 motion filed without prior authorization.

As a preliminary matter, there is no filing fee for a § 2255 motion. Therefore, the Court finds Defendant's motion to proceed *in forma pauperis* shall be declared moot.

### *BACKGROUND*

On December 21, 2001, Defendant was convicted by a jury of eight (8) counts of robbery under the Hobbs Act, 18 U.S.C. § 1951, and eight (8) counts of using a gun during a crime of violence, in violation of 18 U.S.C. § 924(c). On April 4, 2002, Defendant was sentenced to a total of 2,271 months imprisonment, a fine of $12,500.00, and restitution in the amount of $3,224.00.

Defendant appealed to the Tenth Circuit Court of Appeals. On September 17, 2003, the appellate court affirmed this Court's judgment. See Dkt. # 149. On December 12, 2003, Defendant

filed a petition for writ of *certiorari* at the United States Supreme Court. That request was denied on January 20, 2004. See Dkt. # 151.

On January 12, 2005, Defendant filed his first 28 U.S.C. § 2255 motion (Dkt. # 161). On April 18, 2005, Defendant filed an amended 28 U.S.C. § 2255 motion (Dkt. # 168). By Order filed March 8, 2007 (Dkt. # 194), the Court denied Defendant's § 2255 motion and amended § 2255 motion. Defendant did not appeal the denial of relief under § 2255.

On March 23, 2007, Defendant filed a motion seeking relief under 18 U.S.C. § 3582(c)(2) (Dkt. # 197). The Court denied that motion on July 9, 2007. See Dkt. # 200. Defendant appealed. On October 25, 2007, the Tenth Circuit Court of Appeals affirmed this Court's denial of relief under § 3582(c). See Dkt. # 215.

Defendant persisted in seeking collateral relief. On February 4, 2008, he filed a "Rule 52(b)" motion (Dkt. # 216). By Order filed February 7, 2008 (Dkt. # 217), the Court determined that the motion was a second § 2255 motion and transferred it to the Tenth Circuit. On March 21, 2008, the Tenth Circuit denied Defendant's motion for remand and terminated the action. See Dkt. # 220.

Most recently, on July 19, 2012, Defendant filed a "motion for preservation of rights" (Dkt. # 228). By Opinion and Order filed August 3, 2012 (Dkt. # 229), the Court determined that the motion was a second or successive § 2255 motion filed without prior authorization from the Tenth Circuit Court of Appeals. The motion was dismissed without prejudice based on lack of jurisdiction. Id. As of today's date, Defendant has not appealed that ruling.

Based on that record, the instant § 2255 motion is clearly a successive § 2255 motion. As Defendant is well aware, a federal prisoner seeking to challenge his conviction via a "second or successive" § 2255 motion must comply with the provisions of 28 U.S.C. § 2255(h) which mandate

2

that the defendant receive authorization from the Circuit Court of Appeals before filing a "second or successive" § 2255 motion in the District Court. Defendant attempts to convince the Court that this motion is not a successive § 2255 motion because it "raises a claim that was not ripe at the time of filing the previous 2255 motion." See Dkt. # 231 at (12). Defendant argues that his claims did not become ripe until the Supreme Court's ruling in Lafler v. Cooper, 132 S.Ct. 1376 (2012).

A defendant challenging his conviction under § 2255 cannot avoid the restrictions against "second or successive" motions merely by showing that his claims are based on some new law or legal ruling, or some new factual circumstances, which did not exist when he filed a previous habeas petition. If new law or new facts alone would cause a petition to not be a second or successive petition, then the pre-authorization requirement of § 2255(h) would be meaningless. No movant would ever have to show that he should be granted a pre-authorization order because his new claims are based on (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). If a petitioner's claims were based on any previously unavailable law or facts, he would not have to satisfy either of the specific requirements of § 2255(h), because his motion would not be second or successive petition requiring a pre-authorization order. In short, Defendant's argument would effectively nullify the pre-authorization requirement prescribed by § 2255(h). For that reason, the Court rejects Defendant's argument that this motion is not a successive § 2255 motion. Unless Defendant receives authorization from the Tenth Circuit, this Court lacks jurisdiction to consider the claims raised in the § 2255 motion.

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). In this case, Defendant did not obtain authorization from the Tenth Circuit Court of Appeals before filing this most recent § 2255 motion. As a result, this Court lacks jurisdiction to consider the motion. However, in the interest of justice and pursuant to 28 U.S.C. § 1631, the Court finds that Defendant's § 2255 motion filed August 23, 2012, shall be transferred to the Tenth Circuit Court of Appeals for authorization.

**ACCORDINGLY IT IS HEREBY ORDERED that** Defendant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (Dkt. # 231), as supported by Defendant's Affidavit (Dkt. # 233), is **transferred** to the Tenth Circuit Court of Appeals for authorization. Defendant's motion to proceed *in forma pauperis* (Dkt. # 232) is **declared moot**.

DATED THIS 10th day of September, 2012.

_____
TERENCE C. KERN
UNITED STATES DISTRICT JUDGE