IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 01-CR-03-TCK |
| ANDRE CURTIS, | ) ) | |
| Defendant. | ) ) | |

**OPINION AND ORDER**

Before the Court is the Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C.§ 3582(c)(1)(A) (Doc. 256). The Government filed a Response in Opposition to Defendant's Motion (Doc. 258) and Defendant filed a Reply (Doc. 259).

On January 7, 2019, Defendant Andre Curtis ("Curtis") filed a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 256). Curtis seeks a reduction in sentence based on "extraordinary and compelling circumstances" in light of the significant sentencing disparity created by the First Step Act of 2018. On February 13, 2019, the Government filed its Response in Opposition. (Doc. 258). Curtis filed a Reply on February 27, 2019 (Doc. 259).

The Government urges the Court to deny Curtis's § 3582(c)(1)(A) motion based on the contention that Curtis is not eligible for compassionate release. *Id.* Specifically, the Government argues that the First Step Act did not change the requirements for granting compassionate release, Curtis's claim does not constitute an "extraordinary and compelling reason[]" warranting relief, and that Curtis still poses a danger to the safety of the community. (Doc. 258). Based on the following, Curtis submits the Government is wrong as a matter of law as to his eligibility for relief

under 18 U.S.C. § 3582(c)(1)(A). Further, Curtis maintains that he is not a danger to the community and that the 18 U.S.C. § 3553(a) factors support a reduction in sentence.

**I. BACKGROUND**

In 2001, a jury convicted Curtis of eight counts of Hobbs Act Robbery and eight counts of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). (See Doc. 140). Curtis's first § 924(c) conviction carried a minimum 7-year sentence, and each subsequent § 924(c) conviction carried a minimum 25-year sentence. 18 U.S.C. § 924(c)(1)(C)(i). The record further reflects a .22 caliber rifle was used during the robberies which resulted in a net cash amount of $1,182.00 and some clothing. There were no physical injuries during the robberies and the firearm was not discharged. The Presentence Report does not indicate if it was even loaded. At the time of the instant case, Curtis's criminal history was relatively minor and consisted of one twelve-year old conviction for possession / delivery of a controlled substance, a conviction for concealing stolen property, and two misdemeanor traffic offenses. Presentence Report, *United States v. Andre Curtis* at 16-19.

Curtis was sentenced on April 22, 2002. As required by statute, this Court ordered Curtis's sentences under 18 U.S.C. § 924(c) to run consecutively to each other and to his sentence for the robberies. 18 U.S.C. § 924(c)(1)(D)(ii). Curtis received a total sentence of 2,271 months, or 189 years and has been incarcerated for approximately 238 months, or 19.8 years.

On direct appeal, the Tenth Circuit affirmed Curtis's conviction and sentence. *United States v. Curtis*, 344 F.3d 1057 (10th Cir. 2003). Curtis's motions for relief under 28 U.S.C. § 2255 and 18 U.S.C. § 3582 were denied. (Docs. 194, 200, 229, 235); see *United States v. Curtis*, 252 F.App'x 886 (10th Cir. 2007) (unpublished).

In 2015, this Court requested that a compassionate release petition be initiated for Curtis, asking the Bureau of Prisons to consider a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (See Doc. 256 at pp. 4-6). This Court's letter asserted that extraordinary and compelling reasons warranted such a reduction, and asked the Bureau for the opportunity to resentence Mr. Curtis. The Court's April 21, 2015 letter stated in pertinent part:

> The Court, in the imposition of the aforementioned sentence, was not given the opportunity to use its discretion and experience to impose a sentence that it deemed reasonable and sufficient but not greater than necessary to comply with the purposes set out by Congress in 18 U.S.C. § 3553(a). The sentence was mandated by statute and had the practical effect of a life sentence for Mr. Curtis and has denied him any meaningful opportunity for release from incarceration during his lifetime. In other words, the sentence is without hope. The Court would have imposed a sentence on Mr. Curtis of more than twenty years but less than life. The United States Attorney for the Northern District of Oklahoma agrees that a sentence of 189 years is excessive; however, he is justifiably concerned as to what would compromise a reasonable sentence for Mr. Curtis.
>
> Pursuant to 18 U.S.C. § 3582 (c) (1)(A), the court may reduce the term of imprisonment, upon motion by the Director of the Bureau of Prisons, and after consideration of the factors set forth in 18 U.S.C., § 3553(a), if the court finds that extraordinary and compelling reasons warrant such a reduction. In the instant case, the Court believes that the following reasons warrant a reduction:
>
> Mr. Curtis was thirty-two years old at the time of the instant offenses. He has a limited formal education with an IQ in the borderline range of intellectual functioning. Mr. Curtis has a lengthy and severe substance abuse history which started at the age of twelve with marijuana and progressed to a dangerous addiction to cocaine base, PCP and cigarettes laced with formaldehyde, at the time of the instant offenses.
>
> The instant offenses comprised a string of eight armed robberies of convenience and retail stores over the course of ten days in December 2000. Upon arrest, Mr. Curtis confessed to his involvement in the robberies, stating that he and his accomplices had no intention of hurting anyone and that they were all on crack cocaine. Mr. Curtis exercised his right to a jury trial and was convicted on all counts. His accomplices pled guilty to charges in the Indictment. Jackie Lee Wayne Rice was sentenced to 205 months in the custody of the Bureau of Prisons (BOP) and Francine Curtis, Mr. Curtis' sister, was sentenced to 162 months in the custody of the BOP. Mr. Rice died while in custody and Ms. Curtis was released on September 25, 2012. The custodial sentence received by the accomplices were comparably less than ten percent of the sentence received by Mr. Curtis.

> Mr. Curtis' sentence of 2,271 months equates to a life sentence for conduct spanning ten days. Life sentences are rare in the federal system. The vast majority of all offenders convicted of a federal crime eventually return to society. Further, the average length of sentence for offenders convicted of multiple counts of 18 U.S.C. § 924 (c) nationwide is 358 months (29 years). In comparison with Mr. Curtis's sentence of 198 years, it is extremely disparate with similar defendants found guilty of similar conduct. Further, the sentence imposed on Mr. Curtis is excessively severe when compared to the sentences imposed on his codefendants.
>
> In October 2013, the United States Sentencing Commission suggested that Congress consider amending Section 924(c) to address the "stacking" of 25 year charges for multiple offenses; require a prior conviction to trigger repeat offender enhancements; provide sentencing courts with discretion over whether to impose concurrent or consecutive sentences; and clarify the statutory definition of the terms used in § 924 (c) . The reasoning was that reducing the length of the mandatory minimum penalty would reduce the risk of excessive severity; permit the guidelines to better account for the variety of mitigating and aggravating factors that may be present in a particular case; reduce the potential for overly severe sentences for offenders, like Mr. Curtis, who have not been previously convicted of an offense under § 924 (c); and ameliorate some of the demographic impacts resulting from stacking.
>
> In the interest of justice, the Court is requesting consideration of a § 3582 (c)(1)(A) motion by you, if so designated, or from the Director of the Bureau of Prisons, allowing the Court the opportunity to resentence Mr. Curtis to a sentence that comports with § 3553(a) and allows Mr. Curtis the meaningful opportunity to rehabilitate and be released from incarceration within his lifetime.
>
> Finally, the Court intends to impose a term of supervised release equal to the unserved portion of the original term of imprisonment with a strict limitation on Mr. Curtis's ability to travel and other suitable conditions designed to protect the public and deter criminal conduct.

The Bureau of Prisons denied Curtis's request in January 2016, noting that it "does not use this discretion to reopen legal matters to allow courts to resentence a defendant." (BOP letter of Jan. 11, 2016, Doc. 256 at 3). Rather, it observed, "Mr. Curtis may seek relief through 18 U.S.C. § 3582(c)(1)(A)(i) when he meets a medical or nonmedical criteria set forth in Program Statement 5050.49." *Id*. Curtis's current anticipated release date is April 11, 2162.

Since Curtis's sentencing in 2002, significant reforms have been made within the criminal justice system to avoid excessively long prison sentences. Although many changes have not been deemed retroactively applicable, numerous district courts have found that the massive sentencing disparities caused by recent legislation warrant a reduction in sentence through 18 U.S.C. § 3582(c)(1)(A).

Curtis's motion is compelling because if he were sentenced today, he would not face "stacked" § 924 (c) charges, and he would be far more likely to have entered into the 18 year plea deal he states he was offered by the Assistant United States Attorney.

## II. APPLICABLE LAW

In December 2018, Congress enacted the First Step Act ("FSA") which modified §3582(c)(1) of Title 18 of the United States Code to allow a defendant to bring a motion for modification of sentence where "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c) now reads:

> (c) Modification of an Imposed Term of Imprisonment. –The court may not modify a term of imprisonment once it has been imposed except that—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in § 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i)     extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii)    the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) for the offense or offenses for which the defendant is currently imprisoned, and a

> determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under § 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A) (emphasis added). [1]

If the Court finds the exhaustion requirements are met and extraordinary and compelling circumstances are present, the Court may reduce a term of imprisonment "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Further, the statute requires the Court "to consider the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable." *Id.*

### A. Exhaustion Requirement

Although there has been a significant split among district courts on whether the exhaustion requirement of § 3582(c)(1)(A) is jurisdictional and/or excusable, two Courts of Appeals have recently weighed in on the subject. In *United States v. Raia*, the Third Circuit concluded that failure to comply with the statute's exhaustion requirement "presents a glaring roadblock foreclosing compassionate release[.]" *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

More recently, the Sixth Circuit found that a prisoner's failure to exhaust his administrative remedies did not deprive the court of subject matter jurisdiction; however, the court concluded that

---

[1] The U.S. Sentencing Commission published data on resentencings pursuant to Section 404 of the First Step Act of 2018. Under Section 404, defendants sentenced before the Fair Sentencing Act of 2010 are eligible for a retroactive sentence reduction. Through June 30, 2020, the Commission found that 3,363 offenders were granted a sentence reduction. Of the 3,363 offenders granted sentence reduction 65.6 % were assigned to the highest Criminal History Category (IV), 56.3 % were Career Offenders, and 44.5 % received a weapon-related sentencing enhancement. United States Sentencing Commission, October 19, 2020.

the exhaustion requirement "looks like a claim-processing rule, and in operation it acts like one." *United States v. Alam*, __F.3d__, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020). In so holding, the court noted:

> Even though this exhaustion requirement does not implicate our subject-matter jurisdiction, it remains a mandatory condition. If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf. To do that, he must "fully exhaust [] all administrative rights to appeal" with the prison or wait 30 days after his first request to the prison.

18 U.S.C. § 3582(c)(1)(A). *Id.*

### B. Extraordinary and Compelling Circumstances

As many district courts have noted post-First Step Act, "Congress has not specified the circumstances that qualify as 'extraordinary and compelling reasons' except to state that a reduction pursuant to this provision must be 'consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Bucci*, 2019 WL 5075964, at *1 (D. Mass. Sept. 16, 2019). The applicable policy statement of the Sentencing Commission can be found at U.S.S.G. § 1B1.13. The commentary to this section states:

> 1. Extraordinary and Compelling Reasons. –Provided the defendant meets the requirements of subdivision (2) [not a danger to society], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant. –
>
>     (i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>     (ii)    The defendant is—
>         (I) suffering from a serious physical or medical condition,
>         (II) suffering from a serious functional or cognitive impairment, or

7

    (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

 (B) Age of the Defendant. –The defendant (i) is at least 65 years old; (ii) is experiencing serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

 (C) Family Circumstances. –

  (i) The death or incapacitation of a caregiver of the defendant's minor child or minor children.
  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

 (D) Other Reasons. –As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13.

 Since the enactment of the First Step Act, district courts across the country have found various factors and circumstances which qualify as "extraordinary and compelling." See, e.g., *United States v. Ebbers*, 2020 WL 91399 (S.D.N.Y. Jan. 8, 2020) ("The rapid decline [in health] coupled with Ebbers's age present 'extraordinary and compelling reasons'"); *United States v. Urkevich*, 2019 WL 6037391 (D. Neb. Nov. 14, 2019) (concluding that the stacking provision of 18 U.S.C. § 924(c) constitutes an extraordinary and compelling reason for reduction in sentence after the First Step Act); and *United States v. Beck*, 2019 WL 2716505 (M.D.N.C. June 28, 2019) ("Ms. Beck's invasive cancer and the abysmal health care BOP has provided qualify as 'extraordinary and compelling reasons' warranting a reduction in her sentence to time served.").

   **C. Sentencing Commission Policy and 18 U.S.C. § 3553(a) Factors**

Section 3582(c)(1)(A) allows for a court to reduce a term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that– (i) extraordinary and compelling reasons warrant such a reduction; … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]"

The § 3553(a) "factors include, among other things, '(1) the nature and circumstances of the offense and the history and characteristics of the defendant,' as well as '(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant.'" *United States v. Rodriguez-Orejuela*, 2020 WL 2050434, at *4 (S.D. Fla. Apr. 28, 2020) (quoting 18 U.S.C. § 3553(a)).

Under § 1B1.13 of the U.S. Sentencing Guidelines, the Court may reduce a term of imprisonment after consideration of the § 3553(a) factors, if the Court determines that:

(1) (A) extraordinary and compelling reasons warrant the reduction;

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13(1)-(3).

### III. A REDUCTION IN SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)(i) IS WARRANTED
#### A. Curtis Has Met the Exhaustion Requirements of § 3582(c)(1)(A)

As noted *supra*, on April 21, 2015, this Court requested that a compassionate release petition be initiated for Curtis, asking the Bureau of Prisons to consider a reduction in sentence pursuant to 18 U.S.C. § 3582 (c)(1)(A)(i). The Warden denied Curtis's request on January 11,

2016. Therefore, Curtis has fully exhausted his administrative appeals and has met the exhaustion requirements under 18 U.S.C. § 3582(c)(1)(A).

### B. Extraordinary and Compelling Circumstances Justify a Reduction in Sentence

As cited above, district courts across the country have found various scenarios which qualify as "extraordinary and compelling" circumstances and fulfill the requirements of this standard. Pursuant to the U.S.S.G. § 1B1.13 commentary, extraordinary and compelling reasons may include: (A) medical conditions of the defendant; (B) age of the defendant; (C) family circumstances; or (D) other reasons. U.S.S.G. § 1B1.13, cmt. n. 1. "Other reasons" is further defined by the Guidelines as follows:

> (D) Other Reasons. –As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C). *Id.*

As several courts have noted: " Section 1B1.13, as currently written, would not constrain this Court's ability to find extraordinary and compelling reasons here. As the Sentencing Commission's policy statement was not amended after enactment of the FSA [First Step Act] a growing number of district courts have concluded the Commission lacks an applicable policy statement regarding when a judge can grant compassionate release… because the Commission never harmonized its policy statement with the FSA [First Step Act]." *United States v. Mondaca*, 2020 WL 102024, at *3 (S.D. Cal. Mar. 3, 2020); (citing *Brown*, 411 F. Supp. 3d at 477, 499 (canvassing district court decisions)); see also *United States v. Redd*, 2020 WL 1248493, at *6 (E.D. Va. Mar. 16, 2020) ("[T]here does not currently exist, for the purpose of satisfying the ["FSA's"] 'consistency' requirement, an 'applicable policy statement.'").

This Court is persuaded by the reasoning of numerous other district courts and holds that it is 'not constrained by the BOP Director's determination of what constitutes extraordinary and

compelling reasons for a sentence reduction." *United States v. Young*, 2020 WL 1047815, at *6 (M.D. Tenn. Mar. 4, 2020); See also *United States v. Perez*, 2020 WL 1180719, at *2 (D. Kan. Mar. 11, 2020) ("[A] majority of federal courts have found that the most natural reading of the amended § 3582(c) and § 994(t) is that the district court assumes the same discretion as the BOP director when it considers a compassionate release motion properly before it."); *United States v. Etzel*, 2020 WL 2096423, at *3 (D. Or. May 1, 2020). Accordingly, this Court may conduct an independent assessment of whether "extraordinary and compelling" reasons warrant a sentence reduction under § 3582(c)(1)(A)(i).

The extraordinary and compelling circumstances presented in the instant case relate to the significant sentencing disparity created by another provision of the First Step Act–the changes to the penalty provisions under 18 U.S.C. § 924(c)(1)(C). Section 403 of the First Step Act amended § 924(c)(1)(C) to now read:

> (D) In the case of a violation of this subsection that occurs after a prior conviction under this subsection has become final, the person shall–
>
> (i)     be sentenced to a term of imprisonment of not less than 25 years.

18 U.S.C. § 924(c)(1)(C).

Prior to the enactment of the First Step Act, an enhanced, statutory minimum penalty was provided for any § 924(c) conviction after the first, regardless of whether the subsequent conviction was a part of the instant offense. Such is Curtis's case. Curtis received a term of 189 years. If Curtis were sentenced based on what we now understand to be fair and reasonable punishment, he would not have been subject to a mandatory enhancement. The amendments to § 924(c)(1)(C) under the First Step Act would apply in this case if Curtis were convicted of the same crimes today. This reveals a 147-year discrepancy between Curtis's current sentence and the

sentence to which he would be subject if convicted today; instead of 189 years, Curtis would be subject to a 42-year sentence. Further, Curtis has already served 20 years of his 42-year sentence.

Recognizing the disparity created by the First Step Act's alterations to § 924(c), many district courts have granted reductions to defendants with "stacked" 924(c) convictions. In *United States v. Urkevich*, the U.S. District Court for the District of Nebraska found that "[a] reduction in [Urkevich's] sentence is warranted by extraordinary and compelling reasons, specifically the injustice of facing a term of incarceration forty years longer than Congress now deems warranted for the crimes committed." *United States v. Urkevich*, 2019 WL 6037391, at *4 (D. Neb. Nov. 14, 2019). Since the *Urkevich* decision, numerous other district courts have followed suit. See, e.g., *United States v. Young*, 2020 WL 1047815 (M.D. Tenn. Mar. 4, 2020); *United States v. O'Bryan*, 2020 WL 869475 (D. Kan. Feb. 21, 2020); *United States v. Maumau*, No. 2020 WL 806121 (D. Utah Feb. 18, 2020).

After the decisions in *Urkevich, Young, O'Bryan,* and *Maumau*, district courts across the country have continued to grant § 3582(c)(1)(A) relief based on the "stacking" of § 924(c) convictions. See *United States v. Clausen*, 2020 WL 4260795 (E.D. Pa. July 24, 2020) (reducing sentence to time served after serving 20 years on nine counts of § 924(c) resulting in a 213-year sentence); *United States v. Burt*, 2020 WL 4001906 (E.D. Mich. July 15, 2020) (reducing sentence to time served after serving 30 years of a 41-year sentence for stacked § 924(c) convictions); *United States v. Adeyemi*, 2020 WL 3642478 (E.D. Pa. July 6, 2020) (reducing sentence to time served based on two § 924(c) where defendant was sentenced to 385 months at the age of 19); *United States v. Lott*, 2020 WL 3058093 (S.D. Cal. June 8, 2020) (reducing a sentence of 423 months based on stacked § 924(c) convictions to 375 months imprisonment); *McCoy v. United States*, 2020 WL 2738225 (E.D. Va. May 26, 2020) (granting a reduction in sentence from stacked

§ 924(c) convictions where defendant was sentenced at age 20 to a 421-month term and finding the defendant's relative youth at the time of sentence, overall length of sentence, disparity between his sentence and those sentenced for similar crimes after the First Step Act, and his rehabilitation efforts form extraordinary and compelling basis for relief); *United States v. Haynes*, 2020 WL 1941478 (E.D.N.Y. Apr. 22, 2020) (reducing a 46-year term of imprisonment after serving 27 years based on § 924(c) stacking).

If Curtis were sentenced today, he would not be subject to the mandatory enhanced sentence for a subsequent § 924(c) conviction. As the district courts in *Urkevich, Young, O'Bryan,* and *Maumau* have recognized, such a significant disparity in sentence constitutes an "extraordinary and compelling" reason for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).

**C. A Reduction in Sentence is Warranted After Consideration of the 18 U.S.C. § 3553(a) Factors and Sentencing Guidelines Policy**

Having established that Curtis has exhausted his administrative appeal, and that extraordinary and compelling circumstances exist, the Court must consider the factors under 18 U.S.C. § 3553(a) and the Sentencing Guidelines policy to determine whether a reduction in sentence is warranted

Importantly, evidence of post-sentence rehabilitation is likely the most critical of core considerations for the Court in a § 3582(c) proceeding. In *Pepper v. United States*, 131 S.Ct. 1229, 1241 (2011), the Court emphasized the important nature of post-sentence rehabilitation, stating that "there would seem to be no better evidence than a defendant's post incarceration conduct." *Id.* Indeed, the Court continued, "Post-sentencing rehabilitation may also critically inform a sentencing

judge's overarching duty under § 3553(a) to 'impose a sentence sufficient, but not greater than necessary' to comply with the sentencing purposes set forth in § 3553(a)(2)." Id. at 1242.[2]

Looking to the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), Curtis recognizes the severity of his wrongdoing and has committed himself to proving his rehabilitation. During his time incarcerated, Curtis continues to work on self-development and personal growth having completed many hours of classes and programs in an array of subjects offered by the BOP. The Education Information Summary states: " Inmate Curtis has completed numerous classes during his incarceration. Most notable are the Apprenticeship Unicor Quality Assurance class, and VT Cabinet Making. Inmate Curtis has also completed the Life Connection Program. Curtis is also a Suicide Watch inmate companion, and participates in regular suicide companion training." (Summary Reentry Plan / Progress Report; Department of Justice / Federal Bureau of Prisons). Bureau of Prison records also reflect Curtis has obtained a Commercial Driver's License ('CDL") on November 4, 2016 and again on August 27, 2020. Further, Curtis completed and received his GED in 2016. Id. His Work Assignment Summary states: "Inmate Curtis has worked various jobs throughout his incarceration. Since his arrival at Greenville, he continued to work in Unicor until a recent significant reduction in available work. He has most recently been assigned to food

---

[2] "In addition, evidence of post sentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing. For example, evidence of post sentencing rehabilitation may plainly be relevant to 'the history and characteristics of the defendant.' § 3553(a)(1). Such evidence may also be pertinent to 'the need for the sentence imposed' to serve the general purposes of sentencing set forth in § 3553(a)(2) – in particular, to 'afford adequate deterrence to criminal conduct,' 'protect the public from further crimes of the defendant,' and 'provide the defendant with needed educational or vocational training…or other correctional treatment in the most effective manner." §§3553(a)(2)(B)-(D); see *McMannus,* 496 F.3d, at 853 (Melloy, J., concurring) ("In assessing…deterrence, protection of the public, and rehabilitation, 18 U.S.C. § 3553(a)(2)(B)(C) & (D), there would seem to be no better evidence than a defendant's post incarceration conduct"). *Id.*

service. He is dependable, requires little to no supervision, and is good at his job." *Id*. Notably, Curtis has continued his financial obligations and has paid his fines and restitution quarterly. *Id*.

Considering Curtis's conviction at a relatively young age, receiving what amounted to a life sentence, the disparity between his sentence and those of his codefendants, the disparity of sentence between his sentence and those sentenced for similar crimes after the First Step Act, and his rehabilitation efforts, the Court finds extraordinary and compelling circumstances which form the basis for relief. Therefore, the Court finds that a reduction under § 3582(c)(1)(A) to a sentence of time served is "sufficient, but not greater than necessary" to comply with the sentencing purposes set forth in § 3553(a).

### IV. CONCLUSION

Based on the foregoing, the Court grants Curtis's Motion for Compassionate Release (Doc. 256). Defendant's sentence is hereby reduced to time served, plus 14 days. The fourteen-day period prior to release from the Bureau of Prisons should be spent in quarantine for protection of the public. The previously imposed fine, term of supervised release and conditions of supervision remain unchanged.[3] The Bureau of Prisons is directed to provide a plan of release to the United States Probation office for the Northern District of Oklahoma expeditiously.

**IT IS SO ORDERED this 4th day of November, 2020.**

*[signature: Terence Kern]*
**TERENCE KERN**
**United States District Judge**

---

[3] Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment.