IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 01-CR-03-TCK |
| | ) |
| ANDRE CURTIS, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is the Government's Motion to Stay Release Order Pending Appeal. (Doc. 277). This Court ordered the defendant, Andre Curtis's ("Curtis") sentence to be reduced to time served plus 14 days. (Doc. 276). The government requests a stay asserting Curtis cannot overcome the presumption that no condition or combination of conditions will reasonably assure his appearance or the safety of other persons and the community.

Although the filing of a notice of appeal usually divests the district court of further jurisdiction, the initial determination of whether a convicted defendant is to be released pending appeal is to be made by the district court. *United States v. Meyers*, 95 F.3d 1475, 1488 n.6 (10th Cir. 1996). Based on the analysis in the Court's November 4, 2020 Opinion and Order, the Court finds Curtis has overcome the presumption addressed in 18 U.S.C. § 3142. Further, the factors noted by the government were either discussed in the Court's Order, are incidents which in many cases occurred over twenty years ago, or are incorrect.[1] Additionally, the Court imposed a term of

---

[1] The government argues "Curtis has not been able to complete either the BOP's nonresidential drug treatment or residential drug treatment program (RDAP). However, it appears Curtis did complete the Drug Abuse Education program, and was on the wait list for the 12 week nonresidential Drug Abuse Treatment program. With the length of time remaining on his sentence, it is doubtful the BOP would

supervised release and the prior conditions of supervision remain unchanged. The Bureau of Prisons was directed to provide a plan of release to the United States Probation office for the Northern District of Oklahoma which will ensure Curtis's transition into society.

Nonetheless, this Court grants the Government's Motion to Stay Release Order Pending Appeal. (Doc. 277).

**IT IS SO ORDERED this  10th day day of November, 2020.**

**TERENCE KERN**
**United States District Judge**

---

have put him in RDAP, because those who are scheduled to be released within 2-3 years are usually prioritized. RDAP also qualifies some inmates for a year off their sentence and they go to a halfway house, but Curtis would be excluded from this time because his offenses were classified as violent. Further, the random drug test noted in Exhibit 1 attached to the government's Motion to Stay (Doc. 277-1) was negative.