IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | )   Case No. 01-CR-03-TCK ) |
| ANDRE CURTIS, | ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

On November 4, 2020 this Court granted Andre Curtis's ("Curtis") Motion for Compassionate Release (Doc. 256) and ordered Curtis's sentence to be reduced to time served plus 14 days. (Doc. 276). On November 9, 2020 the government filed a Motion to Stay Release Order Pending Appeal. (Doc. 277). The government had requested a stay asserting Curtis could not overcome the presumption that no condition or combination of conditions would reasonably assure his appearance or the safety of other persons and the community.

Although the filing of a notice of appeal usually divests the district court of further jurisdiction, the initial determination of whether a convicted defendant is to be released pending appeal is to be made by the district court. *United States v. Meyers*, 95 F.3d 1475, 1488 n.6 (10th Cir. 1996). Based on the analysis in this Court's November 4, 2020 Opinion and Order (Doc. 276), the Court found Curtis had overcome the presumption addressed in 18 U.S.C. § 3142. Further, the Court found the factors noted by the government in the Motion to Stay Release Order Pending Appeal were either discussed in the Court's Opinion and Order, were incidents which in many

cases occurred over twenty years ago, or were incorrect.[1] Additionally, the Court imposed a term of supervised release and the prior conditions of supervision were to remain unchanged. The Bureau of Prisons was directed to provide a plan of release to the United States Probation office for the Northern District of Oklahoma which would ensure Curtis's transition into society. (Doc. 276 at 15).

Recently, in *United States v. Maumau*, ___ F.3d ___, 2021 WL 1217855 (10th Cir. April 1, 2021) the Tenth Circuit Court of Appeals found the defendant was entitled to release based upon the Motion for Compassionate Release he filed pursuant to 18 U.S.C § 3582 (c). The Tenth Circuit rejected the government's argument that the district court has no authority to grant compassionate release. The Court found:

> Nothing in the district court's decision indicates that the district court granted relief to Maumau based upon its general disagreement with the mandatory sentences that are required to be imposed in connection with § 924(c) convictions. Nor was the district court's decision based solely upon its disagreement with the length of Maumau's sentence in particular. Rather, the district court's decision indicates that its finding of "extraordinary and compelling reasons" was based on its individualized review of all the circumstances of Maumau's case and its conclusion "that a combination of factors" warranted relief, including: "Maumau's young age at the time of" sentencing; the "incredible" length of his stacked mandatory sentences under § 924(c); the First Step Act's elimination of sentence-stacking under § 924(c); and the fact that

---

[1] The government argued "Curtis has not been able to complete either the BOP's nonresidential drug treatment or residential drug treatment program (RDAP). However, it appears Curtis did complete the Drug Abuse Education program, and was on the wait list for the 12 week nonresidential Drug Abuse Treatment program. With the length of time remaining on his sentence, it is doubtful the BOP would have put him in RDAP, because those who are scheduled to be released within 2-3 years are usually prioritized. RDAP also qualifies some inmates for a year off their sentence and they go to a halfway house, but Curtis would be excluded from this time because his offenses were classified as violent. Further, the random drug test noted in Exhibit 1 attached to the government's Motion to Stay (Doc. 277-1) was negative.

Maumau, "if sentenced today, ... would not be subject to such a long term of imprisonment."

Consistent with *Maumau's* rationale and framework, this Court similarly analyzed Curtis's Motion for Compassionate Release, applied the three-step test articulated and adopted in *Maumau*, considered Curtis's individualized circumstances in conjunction with the length of the stacked sentence and acted within its discretion to find "extraordinary and compelling" reasons for sentence reduction.

Accordingly, this Court's Order granting the Government's Motion to Stay Release Order Pending Appeal (Doc. 281) is rescinded, and based upon *United States v. Maumau*, ___ F.3d ___, 2021 WL 1217855 (10th Cir. April 1, 2021), and this Court's Opinion and Order ( Doc. 276) the Government's Motion to Stay Release Order Pending Appeal (Doc. 277) is denied. The Court's Opinion and Order (Doc. 276) is effective immediately and should be carried out forthwith.

**IT IS SO ORDERED this 6th day of April, 2021.**

TERENCE C. KERN
United States District Judge